LISTON HOUSTON *vs.* WILLIAM E. JESTER'S Adm'r.

On a certiorari to a judgment by *default* founded on a return of *served* by *leaving a copy at the defendant's place of abode*, the court permitted proof to be given that the defendant did not reside in the state.

CERTIORARI to Justice Hammersley.

The judgment was by default, and the question was upon the regularity of the service of the summons.

*The Court* decided that it was not necessary for the constable's return to set forth that the copy was left at the defendant's place of abode *in the presence of a member of his family.* A return of "served by leaving a copy at the defendant's place of abode" is sufficient. *Gibbons* vs. *Mason,* 1 *Harr. Rep.* 452.

The defendant below now made affidavit that he was not an inhabitant of the state at the time of the alledged service; and the judgment was reversed on this ground. The affidavit was not denied; if it had been, the court would have ordered testimony to be taken by deposition on this point.

The act of assembly provides, section 3, (*Dig.* 332,) that "service by leaving a copy shall not be made and shall not be of any effect, unless the defendant shall 'at the time of such service be an inhabitant of, and have a known place of abode in the county wherein the proceeding shall be."

Judgment reversed.

*Frame*, for plaintiff in error.
*Huffington*, for defendant in error.